IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| RICHARD E. BUCKLAND, | : | Case No. 1:24-cv-735 |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | Judge Michael W. McFarland |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| WARDEN, Pickaway Correctional Institution, | : | |
| | : | |
| | : | |
| Respondent. | : | |

**ORDER**

Petitioner, an inmate in state custody at the Pickaway Correctional Institution, has pending before the Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court for consideration of unopposed Petitioner's Second Motion for Extension of Time to File Reply (Doc. 10) and Petitioner's Motion Requesting Expansion of the Record Pursuant to Habeas Rule 7 (Doc. 11), which Respondent opposes (Doc. 12). For the following reasons Petitioner's motion for an extension is **GRANTED**, but his motion for expansion of the record is **DENIED**, *without prejudice* to his refiling it, because it is unsigned in violation of Federal Rule of Civil Procedure 11.

**Motion for Extension**

On May 28, 2025, Petitioner filed a motion seeking a 14-day extension to file his reply in support of his habeas corpus petition. The reply was due on May 29, 2025. Respondent did not oppose the motion and Petitioner in fact filed his Reply on June 12, 2025. For good cause shown, because Respondent did not object, and because no prejudice will result from the short extension,

Petitioner's Motion for Extension (Doc. 10) is **GRANTED NUNC PRO TUNC**.

### Motion for Expansion of the Record

Petitioner seeks to expand the record with a letter from his direct appeal attorney apprising Petitioner of the state appellate court's decision affirming Petitioner's conviction and the end of appellate counsel's representation. (Doc. 11, *PageID* 686; Doc. 11-1). Petitioner seeks to add the letter in response to Respondent's argument in the Return of Writ (Doc. 7) that Petitioner had failed to properly present and exhaust his claims in the state courts. The letter, Petitioner explains, "is relevant to the Court's determination as to whether counsel sufficiently apprised Petitioner of any subsequent proceedings necessary to ensure his claims are properly preserved for any subsequent review." (Doc. 11, *PageID* 685).

Respondent opposes Petitioner's motion (Doc. 12), but the motion is not properly before the Court in its present form because it is unsigned.

Rule 11 of the Federal Rules of Civil Procedure requires "[e]very pleading, written motion, and other paper [to] be signed … by a party personally if the party is unrepresented. The paper must state the signer's address, e-email address, and telephone number." Generally, Rule 11 requires a handwritten signature. *See, e.g., Coleman v. Golden*, No. 3:25-cv-833, 2026 WL 19387, at *2 (M.D. Tenn. Jan. 1, 2026) ("'As Rule 11(a) is now framed, … the requirement of a signature [indicates], as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced) (quoting *Becker v. Montgomery*, 532 U.S. 757, 764 (2001); *Jacquelyn S. Jordan Trust v. City of Franklin*, 3:22-cv-326, 2022 WL 1507196, at *1 (M.D. Tenn. May 12, 2022) ("Th[e] Rule requires a handwritten signature, not a typed name."). If a party does not promptly correct an unsigned paper after the omission is called to his or her

2

attention, "[t]he court must strike the unsigned paper …." Fed. R. Civ. P. 11(a).

Here, Petitioner's motion for expansion of the record (and certificate of service) are not signed. Although the motion includes a signature line with Petitioner's name, inmate number, and address, he did not provide a handwritten signature on the signature line. Nor did he provide a signature on the certificate of service. Out of an abundance of caution in view of Petitioner's *pro se* status and because any attendant delay will be minor, the Court will give Petitioner an opportunity to sign and refile the instant motion.

Petitioner is therefore **ORDERED, within thirty (30) days of the date of this Order**, to refile his motion for expansion, *signed*, in compliance with the signature requirements set forth in Federal Rule Civil Procedure 11. Failure to do so will result in the unsigned motion being stricken pursuant to Rule 11.

### Conclusion

Petitioner's motion for extension of time (Doc. 10) is **GRANTED NUNC PRO TUNC**. Petitioner's motion for expansion of the record (Doc. 11) is **DENIED without prejudice** to refiling, within thirty (30) days of the date of this Order. The Clerk is **DIRECTED** to mail to Petitioner the unsigned motion (Doc. 11) and a copy of this Order.

**IT IS SO ORDERED.**

February 2, 2026

s/*Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

3