**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| RICHARD E. BUCKLAND, | : | Case No. 1:24-cv-735 |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | District Judge Matthew W. McFarland |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| WARDEN, PICKAWAY | : | |
| CORRECTIONAL INSTITUTION, | : | |
| | : | |
| Respondent. | : | |

## ORDER

This matter is before the undersigned on Petitioner's Motion to Expand the Record (Doc. #15) and Respondent's Response in Opposition (Doc. #16).

Petitioner seeks to expand the record pursuant to Rule 7(a) of the Rules Governing § 2254 Cases by adding a letter from his appellate counsel.  (Doc. #15, *PageID* #701).  He asserts that this letter is "relevant to the Court and its determination as to whether counsel sufficiently apprised the petitioner of any such subsequent proceedings necessary to ensure his claims are properly preserved for any subsequent review."  *Id*.  Respondent contends that Petitioner's motion should be denied because "no additional evidence is permitted in this case because 'review under §2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits' … expansion of the record is not mandatory … and 'a court must, before facilitating the development of new evidence, determine it could be legally considered in the prisoner's case." (Doc. #16, *PageID* #s 705-06) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011); *Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir. 1988); *Shoop v. Twyford*, 596 U.S. 811, 818 (2022)).

Rule 7(a) of the Rules Governing Section 2254 Cases allows the district court to require the inclusion of any additional materials *relevant* to the determination of the merits of the petition." Rule 7(a), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.  The decision of whether to expand the record falls within the sound discretion of the district court.  *West v. Bell*, 550 F.3d 542, 551 (6th Cir. 2008) (citing *Ford,* 841 F.2d at 691).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") precludes federal courts from granting habeas relief based on claims that the state courts adjudicated on the merits unless the state-court decision contravened or unreasonably applied clearly established federal law. 28 U.S.C. §2254(d).  In *Pinholster,* the Supreme Court held that "review under §2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *See* 563 U.S. at 181. However, subsequent caselaw clarified that *Pinholster* precludes *only* new evidence that goes to the *merits* of a claim, not all new evidence presented to the Court.  *See Shinn v. Ramirez*, 596 U.S. 366, 389 (2022).  !

Guided by these standards, the undersigned finds that expansion of the record is warranted in this case. Upon review, the letter Petitioner seeks to add does not appear to go to the merits of any claims, and its presence would assist the Court in resolving the Petition.

Therefore, for good cause shown, Petitioner's Motion to Expand the Record (Doc. #15) is **GRANTED**.

**IT IS SO ORDERED.**

July 24, 2026

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

2