**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

RICHARD E. BUCKLAND,

Petitioner, : Case No. 1:24-cv-00735

- vs - District Judge Matthew W. McFarland
Magistrate Judge Michael R. Merz

WARDEN,
Pickaway Correctional Center,

:
Respondent.

# REPORT AND RECOMMENDATIONS

This is a habeas corpus case under 28 U.S.C. § 2254 brought *pro se* by Petitioner Richard Buckland to obtain relief from his conviction in the Warren County Court of Common Pleas and consequent imprisonment in Respondent's custody. The case is ripe for a report and recommendation on the Petition (ECF No. 1), the State Court Record (ECF No. 6), the Return of Writ (ECF No. 7) and Petitioner's Reply (ECF No. 13). The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 18).

**Litigation History**

On March 19, 2021, the Warren County Grand Jury returned an indictment charging Petitioner with five counts of gross sexual imposition in violation of Ohio Revised Code §

§2907.05(A)(4), 2907.05(C)(2) and one count of rape in violation of Ohio Revised Code § §2907.02(A)(1)(b), 2907.02(B). (Indictment, State Court Record, ECF No. 6, Ex. 1). Petitioner waived his right to a jury trial. The prosecuting attorney dismissed counts 4, 5, and 6. On August 17, 2022, the court held a bench trial and found Buckland guilty as charged on Counts 1-3 of the Indictment. (Verdict, State Court Record, ECF No. 6, Ex. 5). The court sentenced Buckland to forty-eight months as to each of Counts 1, 2, and 3 to be served concurrently.

Buckland appealed raising only the assignment of error that the conviction was against the manifest weight of the evidence. The Court of Appeals affirmed. *State v. Buckland,* 2023-Ohio-2095 (Ohio App. 12th Dist. Jun. 26, 2023), and Petitioner did not appeal to the Ohio Supreme Court. Petitioner's two motions for judicial release, his motion for a new trial, and his petition for post-relief were all unsuccessful.

Buckland filed his Petition in this case by placing it in the prison mailing system on December 10, 2024 (Petition, ECF No. 1, PageID 15). He pleads the following grounds for relief:

> **Ground One:** Assistant Prosecutor fabricated evidence, based on imformation [sic] from a place that doesnt [sic] exist.
>
> **Supporting Facts:** There is no child advocancy [sic] center in Wilmington, OH. Therefore The Forensic Interview and subsequent transcript from video cannot be accurate since the place is non existent. This can be proven by internet search and a simple phone call to the state locator, 614-578-8029 website: ONCAC@ONCAC.org
>
> **Ground Two:** Inaccurate time frames (see attachment enclosed labeled post conviction relief)
>
> **Supporting Facts:** See enclosed attachment.
>
> **Ground Three:** Prosecutors and alleged victims statements not factual.

> **Supporting Facts**: I have e-mails proving prosecutor Travis Vieux was not basing his prosecution on reliable facts. Several of the alleged victims statements and Mr. Vieux's claims are not true and the e-mails contradict what he entered as facts.
>
> **Ground Four:** Discovery conflicts prosecutors statements.
>
> **Supporting Facts:** Three different County Sheriff Departments, all record different facts that do not coincide with the alleged victims testimony. None of these stories contain reasonable non conflicting statements.

Petition, ECF No. 1.

## Analysis

### Statute of Limitations

Respondent asserts the Petition is time-barred under 28 U.S.C. § 2244(d) which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final on direct review when he failed to timely appeal from the Twelfth District's final decision to the Ohio Supreme Court. The Twelfth District's decision was entered June 26, 2023. *State v. Buckland, supra*. Under Ohio Sup. Ct. R. Prac. 6.01(A)(1), a notice of appeal must be filed within forty-five days of entry of the appellate judgment. In this case, the filing deadline was August 10, 2023. The statute of limitations under 28 U.S.C. § 2244(d) began to run on that date and expired one year later unless tolled.

Petitioner filed his Petition in this Court by placing it in the prison mailing system on December 10, 2024. Asked by the standard form of petition to explain why his Petition was timely, Petitioner wrote: "I filed all applicable motions that were denied. Also due to incarceration it took a considerable amount of time to gather the enclosed paperwork." (Petition, ECF No. 1, Question 18, PageID 13).

In the Return, Respondent asserts these post-judgment filings by Petitioner do not toll the statute because they were not "properly filed" within the meaning of § 2244(d)(2). Respondent writes: "the state courts found that Buckland's motion for new trial and post-conviction petition were not timely filed (Return, ECF No. 7, PageID 655)." An application is "properly filed" when its delivery and acceptance by the state court comply with the state laws and rules governing filings. *Artuz v. Bennett,* 531 U.S. 4 (2000). Untimely motions are not "properly filed" and will not stop the one-year clock. *Raglin v. Randle,* 10 Fed. Appx. 314, 315 (6th Cir.2001*)* ("[U]ntimely state collateral attacks are not properly filed and do not toll the statute of limitations.") *(*citing

*Hurley v. Moore*, 233 F.3d 1295, 1297 (11th Cir.2000) and *Outlaw v. Sternes*, 233 F.3d 453, 456 (7th Cir.2000)*)*. "Untimely motions are not 'properly filed' and will not stop the one-year clock." *Wilberger v. Carter*, 35 Fed. Appx. 111, 114 (6th Cir. 2002).

Petitioner's other excuse – time to gather documents – is not recognized under 28 U.S.C. § 2244. A habeas corpus petitioner may obtain a later start date for the statute of limitations if he later learns of the factual predicate of his claim having exercised due diligence to find it. But most of the documents attached to the Petition document facts of which Petitioner was already aware. For example, he was present for trial and would have known what happened before he obtained a transcript of those proceedings and thus had knowledge of the factual predicates of his claims well before he filed.

Proof of actual innocence can excuse failure to file within the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). Petitioner asserts he has consistently claimed his innocence. However, to take advantage of the actual innocence gateway, a Petition must submit new evidence sufficient to convince the Court that no rational juror would have convicted him considering all the evidence taken together. Petitioner has submitted no new evidence of the quality required by the Supreme Court in *Schlup v. Delo*, 513 U.S. 298, 319 (1995).

In his Reply, Petitioner writes:

> Finally, Petitioner intends to request that this court place the instant habeas petition in stay and abeyance, pending the outcome of Petitioner's request in the Ohio Supreme Court to grant him leave to file a delayed appeal in that court. Since Petitioner's claims have not been properly presented to the state Supreme Court Petitioner will have to attempt to present these claims to the state courts under the appropriate procedural mechanism of late filings. The basis of Petitioner's reasoning is more fully articulated in his motion requesting that his case be granted "stay and abeyance" status. See *Rhines v. Weber*, 544 U.S. 269, 275 (2005).

Reply, ECF No. 13, PageID 695.

The Reply was filed June 12, 2025, more than a year ago. The docket does not show that Petitioner has ever filed a motion for stay under *Rhines* and the Court has no proof that he has moved the Ohio Supreme Court to grant him a delayed appeal. District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. *Rhines v. Weber*, 544 U.S. 269 (2005). However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id.* at 277-278. "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Id.* Faced with a mixed petition which is subject to dismissal on that basis, a district court need not *sua sponte* consider alternatives such as a stay under *Rhines*. *McBride v. Skipper*, 76 F.4th 509 (6th Cir. Aug. 4, 2023). The Court declines to consider a stay *sua sponte* or even on Petitioner's suggestion that he might at some point file for a delayed appeal in the Ohio Supreme Court.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

November 12, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.